## COLUMBUS MOTOR EXPRESS Co v HAMMOND

Ohio Appeals, 4th Dist, Hocking Co
Decided Nov 14, 1930

Pettit & Pettit, Logan, for Express Co.
Weinrich & Bowen, Logan, for Hammond.

MAUCK, J.

It is thus apparent that a sharp conflict of fact was presented to the jury and that the jury found the plaintiff's claim in that behalf was true. The plaintiff's theory is strongly supported not only by herself and driver but by the testimony of Mr. Kleinschmidt, a police officer who visited the scene of the collision shortly after its occurence, and observed the position of the Ford car, and particularly the tracks which he says the truck made. It is now claimed by the defendant that Kleinschmidt may have been correct in his observations but that the tire tracks to which he testifies might have

been made after the collision when the truck pulled away from the scene instead of at the time of the collision. It is sufficient to say that Kleinschmidt's testimony was that these tracks were made prior to the collision, and the jury may well have believed that to be true. If so the weight of the testimony was overwhelmingly with the plaintiff, and at all events it was a question which the jury rather than this court ought to determine. The verdict will not be disturbed upon that ground.

The second claim of the defendant to the effect that it had no connection with the truck with which the plaintiff collided comes to us in an unusual way. The petition charged that the defendant was a corporation, while the defendant denied that together with most of the other averments of the petition. The defendant further undertook to plead by its answer the negligence of the plaintiff and in doing so used this language:

"Said Ford car on approaching said intersection failed to give to the truck owned by defendant the right of way as required by law, and suddenly stopped said car at said intersection, immediately in front of defendant's truck, without any signal or notice, of any kind to the driver of defendant's truck of said intention, causing defendant's car to collide with plaintiff's said car," etc.

This, of course, was an admission that the car or truck with which the plaintiff's Ford collided was the property of the defendant. After testimony had begun the defendant seems to have become somehow persuaded that the car which it had thus claimed was not in fact its car and sought to show that it, as a corporation, had been formed sometime subsequent to the day of the collision. It then asked leave to amend its answer to relieve itself from this damaging admission. The trial court, with rather an excess of generosity, permitted an amendment, but the defendant after making some interlineations in the answer has still left in the answer at least two admissions that the truck or car complained of was the property of the defendant, and in view of that admission the defendant had no right to attempt to prove otherwise. The defendant did undertake to show by its secretary that the corporation was formed sometime after the collision but the testimony was properly rejected. The evidence offered was clearly not the best evidence on the subject, and in view of the answer we think that no testimony, even tho it had been the best testimony upon that view of the case, was admissible.

There is no error in the record and the judgment is affirmed.

Middleton, PJ, and Blosser, J, concur.